UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JASON M. OTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 3:05-CV-059 AS |
| ) | |
| INDIANA DEPARTMENT OF ) | |
| CORRECTIONS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER AND OPINION**

On January 3, 2005, Plaintiff filed this action alleging various violations of his civil rights. On May 17, 2005, Plaintiff filed a motion to compel the production of documents. For the following reasons, Plaintiff's motion [Doc. No. 32] is **DENIED**.

**I.   RELEVANT BACKGROUND**

Plaintiff, an employee at the Indiana Department of Corrections, alleged that on December 18, 2003, he was subjected to an intrusive personal search when he did not have the proper prison identification. Plaintiff asserted that the search was contrary to Defendants' Standards of Conduct and violated his civil rights. On May 27, 2004, Plaintiff filed a Tort Claims Act Notice with the Attorney General for the State of Indiana. After receiving the Tort Claims Act Notice, Gregory Labis, an investigator with the Attorney General's office, conducted an investigation of the alleged incident and prepared an investigation report.

On December 27, 2004, Plaintiff submitted its Requests for Production to Defendants and requested a full and complete copy of Labis' investigation file. Defendants objected claiming that they were not in possession of the file and that it was covered by the work product doctrine. On May 17, 2005, Plaintiff filed a motion to compel, requesting that this Court order Defendants

to produce a redacted copy of the report that contained only the facts of the investigation. Defendants again objected stating that they were not in possession of the report, and that the report was protected under both the work product doctrine and the deliberative process doctrine. This Court may rule on Plaintiff's motion pursuant to its referral order and 28 U.S.C. § 636(b)(1)(A).

## II.  LEGAL STANDARD FOR COMPELLING DISCOVERY

Fed. R. Civ. P. 26 (b)(1) permits discovery into "any matter, not privileged, that is relevant to the claim or defense of any party."  Relevant information need not be admissible at trial so long as the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26 (b)(1). For the purpose of discovery, relevancy will be construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Chavez v. Daimler Chrysler, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351(1978)).  "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." Caremark, Inc. v. Affiliated Computer Services, Inc., 195 F.R.D. 610, 613 (N.D. Ill. 2000).

This Court has broad discretion when deciding whether to compel discovery.  Fed. R. Civ. P. 26(c); Sattar v. Motorola, Inc., 138 F.3d 1164, 1171 (7th Cir. 1998) ("[D]istrict courts have broad discretion in matters related to discovery."); Gile v. United Airlines, Inc., 95 F.3d 492, 495-96 (7th Cir. 1996) ("The district court exercises significant discretion in ruling on a motion to compel.").  In ruling on a motion to compel, "a district court should independently

determine the proper course of discovery based upon the arguments of the parties." <u>Gile</u>, 95 F.3d at 496.

Fed. R. Civ. P. 26(b)(3), known as the work product doctrine, states that a party may obtain discovery of documents that were prepared in anticipation of litigation only upon a showing of substantial need and that undue hardship would occur in obtaining the material through other means.  Investigative reports, which come into existence because of, and not in spite of, some articulable claim likely to lead to litigation may sometimes be protected under the work product doctrine.  <u>Caremark</u>, 195 F.R.D. at 614.  However, to be covered under the work product doctrine, a primary motivating factor behind creating the report must be to aid in litigation.  <u>Binks Mfg. Co. v. National Presto Industries, Inc.</u>, 709 F.2d 1109, 1119 (7th Cir. 1983).  In <u>Binks</u>, the court held that "the mere contingency that litigation may result is not determinative. If in connection with an accident or an event, a business entity in the ordinary course of business conducts an investigation for its own purposes, the resulting investigative report is produceable in civil pre-trial discovery."  <u>Id</u>. at 1119.  See also <u>Logan v. Commercial Union Ins. Co.</u>, 96 F.3d 971, 977 (7th Cir. 1996) (stating that courts must distinguish between investigative reports developed in the course of business and those prepared because "some articulable claim, likely to lead to litigation...has arisen").

Before a party may file a motion regarding a discovery dispute, N.D. L.R. 37.1 requires that the moving party file a certification stating that the movant has in good faith conferred or attempted to confer with the opposing party in an effort to resolve the matter.  Furthermore, N.D. L.R. 7.1(b) requires that any motion made under Fed. R. Civ. P. 37 be accompanied by a separate supporting brief.

**III.     PLAINTIFF'S MOTION TO COMPEL**

    A.     <u>Plaintiff's Motion does not Fully Comply with this Court's Local Rules</u>

Defendants argue that Plaintiff's motion should be denied because it does not comply with this Court's local rules, specifically N.D. L.R. 37.1 and 7.1(b). This Court agrees that Plaintiff's motion does not contain a separate document with the required certification. However, Plaintiff did list the dates on which he contacted Defendants and stated that he expressed his willingness to reach an agreement without this Court's assistance. Thus, although not in a separate document, one could possibly argue that Plaintiff has substantially complied with N.D. L.R. 37.1.

Plaintiff did not, however, substantially comply with N.D. L.R. 7.1(b). Plaintiff combined his motion and brief into one document, which is directly contrary to N.D. L.R. 7.1(b). This Court may deny Plaintiff's motion based upon his non-compliance with the local rules.

    B.     <u>The Investigation Report is Covered by the Work Product Doctrine</u>

Even if Plaintiff's non-compliance was not substantial, the investigation report is protected by the work product doctrine, and is thus, not discoverable.[1] Under the Indiana Code, after receiving a Tort Claims Act Notice, the Attorney General must advise the Governor of the desirability of settling the suit or claim brought against the state or its employees. Ind. Code § 34-13-3-15. An injured party may not file a civil action until his claim has been denied. Ind. Code § 34-13-3-15.

---

[1] Defendants assert that they should not be compelled to produce the report because the Indiana Department of Corrections is not in possession of the report. Rather, the report is the property of the Indiana Attorney General, who is not a party to this action. Courts cannot order parties to produce documents which they do not possess. However, while Defendants may not actually possess the report, they do constructively possess the report because the Attorney General is Defendants' counsel. Thus, counsel, who in essence authorize the investigation to help aid in the defense of Defendants, is in possession of the report.

In the present case, The Attorney General had received notice of a claim against the state or its employees. It was then required to investigate this claim to advise the Governor of the desirability of settlement. Thus, the beginning stages of litigation were in progress when Labis compiled his report. Although the report might have been compiled as a requirement of Labis' job, this situation is not like Binks or Logan because the investigation was not done in spite of the anticipation of litigation. Rather, the investigation report was compiled because there was an articulable claim that was already pending against the Defendants. Thus, because Labis was acting as the Attorney General's agent when conducting the investigation, his report falls within the work product doctrine. See Fed. R. Civ. P. 26(b)(3). As Plaintiff has failed to articulate a substantial need for these materials, Labis' investigation report is not discoverable.

## IV.  CONCLUSION

For the aforementioned reasons, Plaintiff's motion to compel documents [Doc. No. 32] is **DENIED**.

> **SO ORDERED.**

Dated this 7th Day of June, 2005.

> s/Christopher A. Nuechterlein
> Christopher A. Nuechterlein
> United States Magistrate Judge